```
_____ FILED            _____ RECEIVED
_____ ENTERED          _____ SERVED ON
                       COUNSEL/PARTIES OF RECORD

        JUN 2 5 2009

    CLERK US DISTRICT COURT
     DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHELLE MELLEMA,

    Plaintiff,

v.

SECOND JUDICIAL FAMILY COURT
RENO, NEVADA,

    Defendant.

3:08-cv-00555-BES-RAM

**ORDER**

Currently before the Court is Defendant Second Judicial Family Court of the State of Nevada, Family Division's Motion to Dismiss (#8) filed on January 5, 2009. Plaintiff Michelle Mellema ("Mellema") filed a document entitled "Reply to Defendants Motion to Dismiss" (#10) in response on January 15, 2009, and the Second Judicial District Court filed a Reply (#11) on January 16, 2009.

Also before the Court is a Motion for Certificate of Appealability (#13) filed by Mellema on June 10, 2009.

## BACKGROUND

Mellema filed a Petition against the Second Judicial District Court of the State of Nevada, Family Division ("Second Judicial District Court") on October 20, 2008. (Complaint (#4)). Therein, Mellema requested that this Court "take jurisdiction" over her post-divorce, child custody and child support case which is pending in the Second Judicial District Court and assigned Case No. DV05-00113. In her petition, Mellema claims that the presiding family court judge has denied her due process rights, and also "refuses [her] victim rights, 14th Amendment rights, as well as others." Id. at 2.

On January 5, 2009, the Second Judicial District Court filed the current Motion to Dismiss (#8). In its motion, the Second Judicial District Court argues that Mellema has failed to state a claim upon which relief may be granted because the Second Judicial District Court is immune from suits brought under § 1983 and federal courts do not have jurisdiction over domestic relations cases. In response, Mellema states that the motion to dismiss should be denied because "the case is not a lawsuit, defendant is not a state court but a Washoe County court, the federal district court has jurisdiction since . . . constitutional 14th Amendment rights were violated, due process, parental due process 05, and diversity exists." (Reply to Defendants Motion to Dismiss (#10) at 1).

## ANALYSIS

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint must be construed in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). However, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). Thus, upon being adequately stated, a claim may be supported by showing "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007) (citation omitted).

While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." Id. at 1964-65. "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action ." Id. at 1965. Applying these principles, the Court now considers whether Mellema's claims survive the Second Judicial District Court's Motion to Dismiss.

As noted, Mellama's petition alleges that the Second Judicial District Court violated her due process rights and other constitutional provisions. The Second Judicial District Court first argues that it is entitled to an order dismissing Mellema's case because it is immune from suit under 42 U.S.C. § 1983.

A person who, acting under of color of law, deprives another of a constitutional right is liable to the party injured pursuant to 42 U.S.C. § 1983. The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). As such, suits brought against a state entity for constitutional violations under § 1983 are subject to dismissal. See Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004)(holding that a state is not a proper party to a suit under § 1983); Flint v. Dennison, 488 F.3d 816, 824 (9th Cir. 2007)(stating that states and governmental entities that are considered arms of the state are not persons under § 1983).

Based on the foregoing, dismissal is appropriate in this matter because Mellema's petition against the Second Judicial District Court alleges constitutional violations under § 1983. However, the Second Judicial District Court is a state entity and is not a proper party to a suit brought pursuant to § 1983.[1]

In addition, Mellema's petition requests that this Court take jurisdiction over her post-divorce, child custody and child support case currently pending in the Second Judicial District Court.

"Family relations are a traditional area of state concern." H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). In regard to domestic matters, federal courts have no general jurisdiction, and state courts have "a special expertise and experience." Id. (citing Ankenbrandt v. Richards, 504 U.S. 689, 697-701 (1992) and Hisquierdo v. Hisquierdo, 439 U.S. 572, 581 (1979)). As a result, "it is well recognized that the federal courts must decline

---

[1] Mellema's argument that the Second Judicial District Court is "not a state court but a Washoe County court" is without merit. Although the Second Judicial District Court sits in Washoe County, it is a State Court created pursuant to Art. 6 § 1 of the Constitution of the State of Nevada. See State ex rel. Coffin v. Com'rs. 19 Nev. 332, 10 P. 901 (Nev. 1886).

jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife." Buechold v. Ortiz, 401 F.2d 371, 372 (9th Cir. 1968). In Buechold, the court noted a quote by Justice Holmes on this issue: "It has been understood that, 'the whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States.'" Id.

Here, Mellema's request that this Court take jurisdiction over a domestic relation case pending in the Second Judicial District Court is denied. This Court lacks the authority to take jurisdiction over a pending state family law case. In addition, this Court does not have subject matter jurisdiction over the domestic relation issues asserted in that case.

Finally, Mellema's request for a certificate of appealability is denied. Mellema may file a notice of appeal of this order as established by the Federal Rules of Appellate Procedure.[2]

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant Second Judicial District Court of the State of Nevada, Family Division's Motion to Dismiss (#8) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Michelle Mellema's Request for Certificate of Appealability (#13) is DENIED.

DATED: This 25th day of June, 2009.

_____
United States District Judge

---

[2] Specifically, Rule 3 of the Federal Rules of Appellate Procedure states that: "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." FRAP 3(a)(1).

4